# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-CV-0329-CVE-TLW ) |
| CONNER ROOFING & GUTTERING, LLC, MAINSTREET CREEK LLC, TREASURED GOWNS, INC., and SAPULPA LAUNDRY, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

### CORRECTED[1] OPINION AND ORDER

Now before the Court are Defendant Treasured Gowns, Inc.'s Motion to Dismiss Defendant from this Action or in the Alternative, to Stay, and Brief in Support (Dkt. ## 24, 25) and Defendant Treasured Gowns, Inc.'s Amended Motion to Dismiss Plaintiff's Complaint or in the Alternative, to Stay, and Brief in Support (Dkt. ## 48, 49). Defendant Treasured Gowns, Inc. (Treasured Gowns) asserts that plaintiff United Specialty Insurance Company (United) has failed to state a claim against it, because this is a declaratory judgment action to determine insurance coverage and Treasured Gowns has no contractual relationship with United. Dkt. # 24, at 2-3. Treasured Gowns also argues the case should be dismissed due to United's failure to join indispensable parties or, in the alternative, the case should be stayed until the completion of a related state court lawsuit. Id. at 3-8; Dkt. # 47, at 2. United opposes Treasured Gowns' motions. It argues that Treasured Gowns was properly named as a party, and the pending state court lawsuit will not resolve the issues raised in the declaratory judgment action. Dkt. # 28.

---

[1] The only correction is to the docket numbers of the second set of motions.

**I.**

United issued a commercial general liability insurance policy (CGL policy) to Conner Roofing & Guttering, LLC (Conner Roofing), and the CGL policy was in effect from December 20, 2010 to December 20, 2011. Dkt. # 1, at 3. Mainstreet Creek LLC (Mainstreet Creek) owns certain commercial real property in Sapulpa, Oklahoma, and Treasured Gowns and Sapulpa Laundry, Inc. (Sapulpa Laundry) are tenants of the real property. Mainstreet Creek hired Conner Roofing to remove the roof of the real property and install a replacement roof. Id. On February 23, 2011, Conner Roofing was working on the roof and learned that inclement weather was expected for the following day. Conner Roofing installed a temporary tarp on the west side of the building in an attempt to secure the unfinished section of the roof. Id. A rain storm occurred on February 24, 2011, and Mainstreet Creek, Sapulpa Laundry, and Treasured Gowns claim to have suffered property damage when the temporary tarp failed to keep rain water out of the building. Id. at 3-4.

Mainstreet Creek, Sapulpa Laundry, and Treasured Gowns demanded payment from Conner Roofing, and Conner Roofing submitted these claims to United. Conner Roofing demanded that United defend and indemnify it from these claims. Id. at 4. The CGL policy contains an exclusion for property damage:

> caused by or resulting from the intrusion of rain, snow, sleet or hail for any reason, including the negligence of the insured during the course of the insured's "roofing operations"; unless the insured or any contractor or subcontractor working directly or indirectly on behalf of the insured applies a "secured protective cover" of waterproof material over all portions of the "open roof," thereby preventing entry by any of the perils mentioned above.

Dkt. # 1-1, at 46. United alleges that Conner Roofing failed to apply a "secured protective cover" to the roof, and that it is not obligated to defend or indemnify Conner Roofing against Mainstreet Creek's, Sapulpa Laundry's, or Treasured Gowns's claims. Dkt. # 1, at 5-6. United filed this case

seeking a declaratory judgment that it is not obligated to defend against or indemnify Conner Roofing for any claims for damage to the subject real property caused by the February 24, 2011 storm. Id. at 7. Treasured Gowns states that it filed a case in the Creek County District Court, Oklahoma against its insurance carrier, The Travelers Indemnity Company (Travelers), its insurance agent, Tedford & Associates, L.P. (Tedford), and Conner Roofing, and the state court case was filed approximately one month before United filed its declaratory judgment action.[2] Dkt. # 24, at 2. Treasured Gowns states that it has alleged negligence claims against Conner Roofing and Tedford, and it has alleged breach of contract and bad faith claims against Travelers. Id.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal

---

[2] Treasured Gowns has not provided a copy of the state court petition or docket sheet, and the Court has no way to verify Treasured Gowns' statements about the scope of the state court lawsuit. However, the Court will assume only for the purposes of ruling on Treasured Gowns' motions to dismiss that its statements are true.

determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Treasured Gowns asks the Court to dismiss plaintiff's claims against it because Treasured Gowns does not have a contractual relationship with United and that, thus, it is not a proper party. Treasured Gowns also argues that the entire case should be dismissed because United failed to join necessary parties. In the alternative, it asks the Court to dismiss or stay this case until the completion of the state court lawsuit.

Treasured Gowns argues that it has no contractual relationship with United and, even if Treasured Gowns prevails against Conner Roofing in the state court lawsuit, it will obtain a judgment against Conner Roofing and not against United. It is well established that "[i]n declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured." Franklin Life Ins. Co. v. Johnson, 157 F.2d 653, 658 (10th Cir. 1946); see also Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941) (actual

controversy existed between insurer and third-party bringing claim against an insured, and district court abused its discretion by dismissing declaratory judgment action); Harris v. Quinones, 507 F.2d 533, 537 (10th Cir. 1974) ("we have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties"). Should Treasured Gowns obtain a judgment against Conner Roofing, it will clearly have an interest in whether Conner Roofing is covered by the CGL policy, because Treasured Gowns will want to collect any judgment entered against Conner Roofing. Thus, it was proper for United to join Treasured Gowns as a party in this declaratory judgment action.[3]

Treasured Gowns argues that United failed to join Travelers and Tedford as parties, and the case should be dismissed under Rule 19 due to United's failure to join necessary and indispensable parties. United responds that Treasured Gowns is making inconsistent arguments as to the role of Travelers and Tedford in this litigation. United also argues that it has no basis to join Travelers or Tedford as parties, because there is no controversy between United and these non-parties. Under Rule 19, a district court must determine (1) if the absent party is a "required" party and (2) if the required party is indispensable to the litigation. The Wilderness Society v. Kane County, Utah, 581 F.3d 1198, 1217-18 (10th Cir. 2009). A non-party must be joined as a required party if:

> (A) in the person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[3] If Treasured Gowns truly believes it is not an interested party and it wants to avoid allegedly duplicative litigation, plaintiff states that it would be willing to voluntarily dismiss Treasured Gowns from the case if it would agree to be bound by this Court's determination as to insurance coverage. Dkt. # 28, at 2.

5

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a court determines that a non-party is a required party under Rule 19(a) and the non-party cannot be joined as a party, the court must consider whether "in equity and good conscience" the case should proceed without the absent party or be dismissed. Sac & Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001). Rule 19 provides four factors that a court must balance to make this determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by :
>
> > (A) protective provisions in the judgment; or
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). These factors must be applied in a "practical and pragmatic but equitable manner." Symes v. Harris, 472 F.3d 754, 759 (10th Cir. 2006).

Treasured Gowns appears to be arguing that Travelers and Tedford may be bound by any factual findings of this Court, but United is correct that Treasured Gowns is making inconsistent arguments. Treasured Gowns initially states that Travelers and Tedford will be "severely prejudiced by factual determinations." Dkt. # 24, at 4. However, in the next sentence, Treasured Gowns states

6

that this case will not actually determine whether Conner Roofing was negligent and that this Court will not consider whether Travelers had any obligation to pay Treasured Gowns' insurance claims. Id. These are contradictory statements. In any event, the Court agrees with Treasured Gowns' second statement that this case will not decide the issue of Conner Roofing's negligence or Traveler's contractual obligations to Treasured Gowns, and the Court finds that Travelers and Tedford are not required parties under Rule 19. The Court can award complete relief to the current parties, even if Travelers and Tedford are not parties to this case, and any factual findings by this Court will not prejudice Travelers' or Tedford's interests or subject them to a risk of multiple liability. Treasured Gowns incorrectly assumes that "negligence" is the same issue as insurance coverage. To be clear, this Court will not be deciding whether Conner Roofing was negligent. Instead, the Court will consider the applicable exclusion in the CGL policy and determine whether the facts of this case fit within the cited exclusion. These are separate issues and Travelers and Tedford will not be prejudiced if they are not joined as parties to this litigation.

Finally, Treasured Gowns asks the Court to stay this case pending completion of the state court lawsuit. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." A court is not compelled to hear a declaratory judgment action and the Supreme Court has made "clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law,

between the same parties." Brillhart v Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). The Tenth Circuit has identified five factors that should be considered by a district court when determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). If the Court finds that it should not exercise jurisdiction over this case, it must also consider whether plaintiff's claims should be dismissed without prejudice or stayed until resolution of the state court proceedings. United States v. City of Las Cruces, 289 F.3d 1170 (10th Cir. 2002).

The first Mhoon factor is whether a ruling on United's request for declaratory resolve will resolve the controversy. The parties disagree as to whether a declaratory judgment will settle the controversy, but it is apparent that they define "controversy" differently. Treasured Gowns views the "controversy" as its claims in the state court lawsuit, while United argues that the "controversy" is the determination of insurance coverage under the CGL policy. This declaratory judgment action will clearly settle the issue of insurance coverage between United and Conner Roofing, and this issue will not be decided in the state court lawsuit. As the Court has noted, Conner Roofing's alleged negligence and insurance coverage are separate issues, and the state court lawsuit will not resolve the insurance coverage issue. In any event, Treasured Gowns has not named United as a

8

party in the state court lawsuit and United has no opportunity to raise this issue in state court.[4]  This case will fully resolve the issue of insurance coverage between United and Conner Roofing, and the Court finds that this is the relevant "controversy" for the purpose of ruling on Treasured Gown's motion to dismiss.  This factor favors United and does not support Treasured Gowns' request for a stay.

The second Mhoon factor is whether this declaratory judgment action would serve a useful purpose in clarifying the parties' legal relations, and this factor also favors United for the reasons stated above.  United is not a party in the state court lawsuit and it will not be able to seek a determination of its obligation to defend and indemnify Conner Roofing in that case.  In addition to reasons already stated, the Court finds that United's ongoing obligation to defend Conner Roofing is an issue that should be decided quickly to avoid unnecessary expense to United or Conner Roofing, and a ruling on this issue should not be delayed until the completion of the state court lawsuit.  GuideOne Elite Ins. Co. v. Southern Nazarene University, 2008 5412413 (W.D. Okla. Dec. 29, 2008) (staying declaratory judgment action as to insurer's request for ruling on duty to indemnify but finding that delaying proceedings as to insurer's duty to defend would effectively deny insurer a remedy).

---

[4] Treasured Gowns seems to be implying that United and Conner Roofing should be treated as a single party, because United may be providing a defense to Conner Roofing in the state court lawsuit.  Dkt. # 48, at 6.  This contradicts statements in Treasured Gowns' original motion to dismiss that United and Conner Roofing are separate parties.  Dkt. # 24, at 2-3.  The mere fact that United is defending Conner Roofing against Treasured Gowns' claims, as required by the CGL policy, does not mean that United's and Conner Roofing's interests are aligned for all purposes, and they are clearly separate parties with potentially adverse interests on the issue of insurance coverage.

9

There is no evidence that United filed this declaratory judgment action to receive a procedural advantage in other litigation or is engaging in a race to res judicata, and this Mhoon factor favors United. United is not a party in the state court lawsuit and there is no basis to conclude that United filed this case in a race to res judicata, as alleged by Treasured Gowns. Although certain factual issues may overlap in both cases, United will not be able to litigate insurance coverage in state court, and it has a legitimate interest in having this issue decided quickly.

The fourth and fifth Mhoon factors also support United, because there is no basis to find that proceeding with this case will cause unnecessary friction between state and federal courts or that the state courts provide United an adequate remedy. Treasured Gowns is not asking the state court to determine if United is obligated to defend or indemnify Conner Roofing, nor would Treasured Gowns have standing to do so. Instead, Treasured Gowns is seeking damages for Conner Roofing's alleged negligence. This may involve some facts overlapping with this declaratory judgment action, but it is a separate issue from United's request for a ruling on whether it is obligated to defend and indemnify Conner Roofing under the terms of the CGL policy. Proceeding with both cases will not result in friction between state and federal courts. United is not a party in the state court lawsuit and it has no alternate remedy. This is particularly important considering Treasured Gowns' allegations that discovery is proceeding in the state court lawsuit, and United has sought a ruling on whether it is obligated to defend Conner Roofing in the state court lawsuit. Dkt. # 48, at 7.

The Court finds that none of the Mhoon factors supports Treasured Gowns' request for a stay. It is clear that this case does not present any substantial factual or legal issue that will be litigated in the state court lawsuit, and there is no reason for the Court to stay these proceedings. As noted by the Tenth Circuit, "a declaratory action by an insurer to establish nonliability under

casualty insurance was one of the prime purposes of the Declaratory Judgment Act." <u>Western Cas. and Sur. Co. v. Teel</u>, 391 F.2d 764, 766 (10th Cir. 1968).  Treasured Gowns has not shown that United has any other forum to litigate the issue of insurance coverage against Conner Roofing or that the state court lawsuit is likely to resolve the controversy, and Treasured Gowns' motions to dismiss or stay should be denied in their entirety.

**IT IS THEREFORE ORDERED** that Defendant Treasured Gowns, Inc.'s Motion to Dismiss Defendant from this Action or in the Alternative, to Stay, and Brief in Support (Dkt. ## 24, 25) and Defendant Treasured Gowns, Inc.'s Amended Motion to Dismiss Plaintiff's Complaint or in the Alternative, to Stay, and Brief in Support (Dkt. ## 48, 49) are **denied**.

**DATED** this 24th day of January, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT