# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 11-CV-0329-CVE-TLW<br>) |
| CONNER ROOFING & GUTTERING, LLC,<br>MAINSTREET CREEK LLC,<br>TREASURED GOWNS, INC., and<br>SAPULPA LAUNDRY, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is the Motion of Defendant Conner Roofing & Guttering to Vacate Entry of Final Default Judgment with Brief in Support (Dkt. # 57). Defendant Conner Roofing & Guttering, LLC (Conner Roofing) asks the Court to vacate the default judgment (Dkt. # 51) under Fed. R. Civ. P. 60(b), because Conner Roofing lacked sufficient funds to retain an attorney before entry of the default judgment and it has a meritorious defense to plaintiff's claim. Plaintiff United Specialty Insurance Company (United Specialty) responds that Conner Roofing has not met its burden to show excusable neglect, and Conner Roofing's motion to vacate the default judgment should be denied.

On May 26, 2011, United Specialty filed this case seeking a declaratory judgment that it was not obligated to defend or indemnify Conner Roofing from claims arising out of a February 24, 2011 storm. United Specialty alleges that it issued a commercial general liability policy (CGL policy) to Conner Roofing, and the policy was in effect on February 24, 2011. United Specialty claims that, in the event of a storm, the insurance policy required Conner Roofing to install a temporary tarp to

prevent harm to the structure and the contents of the structure, but Conner Roofing either failed to install a tarp or the tarp was installed improperly by Conner Roofing. Dkt. # 1, at 3-4. United Specialty served a summons and copy of the complaint on Conner Roofing on September 26, 2011, but Conner Roofing did not file an answer or enter an appearance. The Court Clerk entered Conner Roofing's default (Dkt. # 32) on November 30, 2011. The Court Clerk also entered defendant Sapulpa Laundry, Inc.'s (Sapulpa Laundry) default on the same date. However, Sapulpa Laundry learned of the entry of default and filed a motion set aside the Court Clerk's entry of default. Dkt. # 35. United Specialty did not oppose Sapulpa Laundry's motion, and the motion was granted.

Counsel for United Specialty notified Conner Roofing of the Court Clerk's entry of default in December 2011, and Conner Roofing's owner, Chris Conner, states that he began to look for an attorney at that time. Dkt. # 57-1, at 2. Conner states that he could not afford the $5,000 to $50,000 retainers requested by attorneys, and he could not immediately retain an attorney to represent Conner Roofing. On January 24, 2011, the Court entered default judgment (Dkt. # 51) against Conner Roofing declaring that:

1. That there is no coverage under the CGL policy, issued to insured Conner Roofing, for damages or losses sustained by Mainstream Creek LLC, Treasured Gowns, Inc., and Sapulpa Laundry, Inc. relating to or arising from the February 24, 2011 occurrence at 6 West Bryan Avenue, Sapulpa, Oklahoma; and

2. That United has no duty under the CGL policy to defend against or indemnify Conner Roofing for claims arising from the February 24, 2011 occurrence at 6 West Bryan Avenue, Sapulpa, Oklahoma.

Dkt. # 51, at 2. At the request of the remaining parties, the Court enter a final declaratory judgment (Dkt. # 56) on January 30, 2012, and this case was closed. Conner Roofing hired an attorney on an unspecified date, and it filed a motion to vacate the default judgment on February 16, 2012. Conner

2

Roofing claims that its failure to answer or enter an appearance was due to excusable neglect, because default judgment was entered against it before it could find an attorney willing to represent it in this case. Dkt. # 57, at 3-4. Conner Roofing also claims that it has a meritorious defense to United Specialty's request for declaratory relief, and United Specialty is "simply an insurance company which does not want to pay or defend a legitimate claim." Id. at 4.

Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir, 1970). Fed. R. Civ. P. 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."[1] The Tenth Circuit has established three requirements that must be satisfied before a default judgment is set aside: "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving will not be prejudiced by setting aside the judgement." United States v. Timbers Preserve, Routt County, Colorado, 999 F.2d 452, 454 (10th Cir. 1993). The defaulting party bears the burden to prove that the default judgment should be set aside. Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987). The Tenth Circuit has been clear that "the trial court ought not reopen a default judgment simply because a

---

[1] Throughout its motion, Conner Roofing argues that good cause exists to set aside the default judgment. However, the good cause standard applies to motions to set aside default entered by the court clerk. In this case, Conner Roofing is asking the Court to set aside a default judgment, and the Court must apply the more stringent "excusable neglect" standard of Fed. R. Civ. P. 60(b)(1). Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).

3

request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action." Gomes, 420 F.3d at 1366.

Conner Roofing argues that its failure to enter a timely appearance in this case should be excused due its difficulties in finding an affordable attorney. It claims that it began searching for an attorney in December 2011 after learning of the Court Clerk's entry of default. However, Conner Roofing offers no explanation for its failure to take steps to locate an attorney after being served with process in September 2011. See Dkt. # 57-1, at 1-3 (Chris Conner's affidavit states that Conner Roofing was served on September 26, 2011, but he did not begin looking for an attorney until December 2011). Inability to hire an attorney does not ordinarily constitute excusable neglect under Rule 60(b)(1). See Lewis v. Barnhart, 73 Fed Appx. 715, 716 (5th Cir. 2003); AT&T Intellectual Property II, L.P., v. Puro, 2008 WL 4511023 (M.D. Fla. Oct. 7, 2008); Mazengo v. Mzengi, 542 F. Supp. 2d 96, 99 (D.D.C. 2008). Conner Roofing had approximately four months from the time it was served to find an attorney and file an answer, but there is no evidence that it took any steps to locate an attorney until December 2011. United Specialty also states that Conner Roofing made no attempt to contact counsel for United Specialty at any time to explain why it had not filed an answer or entered an appearance in this case. Dkt. # 62, at 6. United Specialty's conduct as to Conner Roofing's co-defendant, Sapulpa Laundry, shows that United Specialty would likely not have opposed a timely request by Conner Roofing to set aside the Court Clerk's entry of default. Instead, Conner Roofing waited until a final declaratory judgment had been entered and then filed a motion to vacate the default judgment against it. "Carelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1)." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

4

The Court finds that Conner Roofing's delay, not any extraordinary circumstances, caused its default, and Conner Roofing has not shown its failure to answer the complaint is excusable.

Based on this finding, it is unnecessary to consider whether Conner Roofing has a meritorious defense, or prejudice to United Specialty, if Conner Roofing's motion were granted. See Otoe County Nat'l Bank v. W & P Trucking, Inc., 754 F.2d 881, 883-84 (10th Cir. 1985) (district court did not need to consider the merits of a defendant's proposed defense when defendant did not make a showing of mistake, inadvertence, or excusable neglect under Rule 60(b)(1)). Even if the Court were to consider the remaining elements, Conner Roofing does not make any attempt to show that United Specialty will not be prejudiced if Conner Roofing's motion is granted, and the Court will not construct an argument for Conner Roofing. Conner Roofing has not shown that its failure to answer the complaint in a timely manner was excusable, and its motion to set aside the default judgment should be denied.

**IT IS THEREFORE ORDERED** that the Motion of Defendant Conner Roofing & Guttering to Vacate Entry of Final Default Judgment with Brief in Support (Dkt. # 57) is **denied**.

**DATED** this 28th day of March, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE